In the Matter of STEVEN H. HALPER et al., Appellants, v BOARD OF ZONING AND APPEALS OF THE INCORPORATED VILLAGE OF ROSLYN ESTATES et al., Respondents. [691 NYS2d 155] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Incorporated Village of Roslyn Estates, dated January 20, 1998, which granted the application of the respondents Lillian Klein and Robert Preston for an area variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated June 15, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the petitioners' contentions, they were not denied their due process rights to meaningful participation in the proceedings which resulted in the granting of the area variance sought by the respondents Lillian Klein and Robert Preston. The respondent Board of Zoning and Appeals of the Incorporated Village of Roslyn Estates (hereinafter the Board) complied fully with the notice requirements of Village Law § 7-712-a (7). Moreover, the petitioners had approximately three weeks notice of the public hearing on the variance application, and were also mailed notices of the public hearing. Under the circumstances, the denial of the petitioners' eleventh-hour request for an adjournment of the hearing was not an improvident exercise of discretion by the Board. The petitoners' claim that they were denied an opportunity to review the transcripts of an earlier hearing is belied by the record, as is their claim that they were denied access to certain documentary evidence.

The record further shows that the Board's determination to grant the requested area variances was supported by substantial evidence. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.